FILED
SUPERIOR COURT
OF GUAM

2020 DEC 10 PH 1: 55

CLERK OF COURT
By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0387-20** |
| Plaintiff, | **GPD Report No. 20-17543** |
| vs. | |
| | **DECISION AND ORDER GRANTING DEFENDANT'S MOTION IN LIMINE** |
| **DUANE ARTHUR DUNGCA,** DOB: 09/01/1980 | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Dana A. Gutierrez on October 23, 2020 for a hearing on Defendant Duane Arthur Dungca's Motion in Limine. Present via Zoom was Attorney David Highsmith of the Public Defender Service Corporation representing Defendant Duane Arthur Dungca ("Defendant") and Assistant Attorney General Leonardo Rapadas representing the People of Guam. The Motion was unopposed by the People. The Court now issues this Decision and Order **GRANTING** Defendant's Motion in Limine.

## BACKGROUND

Defendant is charged with two (2) counts of First Degree Criminal Sexual Conduct (As a First Degree Felony) and three (3) counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony). On September 29, 2020, Defendant filed the instant Motion in order to "exclude all hearsay testimony from other witnesses regarding the victim's account of the incidents alleged in the indictment and certain related expert testimony." Mot. in Limine, at 1

(Sept. 29, 2020). In sum, Defendant requests the following be excluded at a trial on this matter: 1) hearsay testimony regarding statements made orally or in writing by the victim to the victim's mother, relatives, or to the police "unless they are admissible according to the rule against hearsay and Supreme Court of Guam precedent," and 2) expert opinion testimony used for the purpose of bolstering the victim's credibility. *Id.* at 1, 3-4.

The People did not file a written opposition to the Motion, and at the October 23, 2020 hearing, the People did not raise any arguments in opposition to the Motion. At the October 23, 2020 hearing on the Motion, the People stated:

> I won't be eliciting testimony from any witness other than the victim about what happened. I generally won't be doing that. Specifically about the facts of the case, I will only be using the victim at this point, so I don't intend to use any officers or witnesses to opine about the victim's credibility. That's obviously within the province of the jury . . . That's partially why I didn't file an opposition because I don't—I intend *not* to use hearsay statements in the case in chief.

Digital Recording, at 1:58:10 PM-1:59:10 PM (Oct. 23, 2020). The People subsequently reiterated: "We don't intend to use other witnesses to prove our case in chief." Digital Recording, at 2:01:37 (Oct. 23, 2020).

Despite the lack of opposition from the People, "[t]he court has a duty to analyze the merits of the motion before rendering its decision." *Petition of Quitugua v. Flores*, 2004 Guam ¶ 28. As such, this Court took the matter under advisement and now issues this Decision and Order.

## DISCUSSION

Generally, evidentiary motions, such as motions in limine, are directed to the trial court's discretion. *People v. Harvey*, 211 Ill. 2d 368 (2004). Authority to grant or deny a motion in

limine rests in the inherent power of the court to admit or exclude evidence and to take such precautions as are necessary to afford a fair trial for all parties. *State v. Zakovi*, 110 P. 3d 469, 472 (2005). A motion in limine should be granted only when the trial court finds two factors are present: 1) the material or evidence in question will be inadmissible at a trial under the rules of evidence; and 2) the mere offer of evidence or statements made during the trial concerning the material will tend to prejudice the jury. *Hersick v. State*, 904 So.2d 116, 127 (Miss. 2004).

In the case at bar, Defendant asserts that if the victim made oral or written statements to her mother, relatives, or to the police regarding the details of her allegations, all such statements should be excluded unless they are admissible according to the rules against hearsay and Supreme Court of Guam precedent. Mot. in Limine, at 1 (Sept. 29, 2020). Under Guam law, hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Guam R. Evid. 801(c). "A 'statement' is . . . an oral or written assertion or . . . nonverbal conduct of a person, if it is intended by the person as an assertion." Guam R. Evid. 801(a).

A hearsay statement is inadmissible unless it falls into an exception to the hearsay rule. *See* Guam R. Evid. 802. When attempting to introduce hearsay testimony, the burden is on the proponent, the People in this case, to show that an exception to the hearsay rule applies. *People v. Roby*, 2017 Guam 7 ¶ 27 *(citing United States v. Arnold*, 486 F.3d 177, 206 (6th Cir. 2007)).

Generally, a witness's testimony as to the specific contents of a conversation is inadmissible hearsay. *See United States v. Williams*, 133 F.3d 1048, 1052 (7th Cir. 1998) (where the Court held that a police officer may testify as to the steps taken in an investigation and describe his contact with the informant and the events leading up to arrest, but the testimony may not disclose the substance of those conversations). However, in some limited circumstances, a

3

witness's testimony regarding a sexual assault victim's disclosures about the incident can be offered as background, rather than for the truth of the matter asserted, under an exception to the rule against hearsay. *People v. Perez*, 2015 Guam 10 ¶ 24. "[P]roof of an extrajudicial complaint, made by the victim of a sexual offense, disclosing the alleged assault, may be admissible for a limited, nonhearsay purpose – namely, to establish the fact of, and the circumstances surrounding, the victim's disclosure of the assault to others." *Id.* at ¶ 25 (quoting *People v. Brown*, 883 P.2d 949, 950 (Cal. 1994)).

Additionally, "information possessed by investigating agents may be received at trial not for the truth of the matter asserted, but as 'background' to explain the investigation, or to show an agent's state of mind so that the jury will understand the reasons for the agent's subsequent actions." *United States v. Reyes*, 18 F.3d 65, 70 (2nd Cir. 1994). Therefore, the People may have a witness testify about the fact a statement by the victim was given, but not about the specific contents of that statement, unless the People demonstrate that such statement is admissible for a purpose that would qualify under an exception to the rule against hearsay.

As to Defendant's request that the Court exclude any expert opinion testimony related to the credibility of the victim or statements made by the victim,[1] the People cannot use an expert witness to merely bolster the credibility of a witness. "Expert testimony should not be permitted under Rule 702 if it concerns a subject improper for expert testimony, for example, one that invades the province of the jury . . . [therefore] [i]t is improper for an expert to testify as to the credibility of a witness." *People v. Roten*, 2012 Guam 3 ¶ 30; *see also Bachman v. Leaply*, 953 F.2d 440, 441 (8th Cir. 1992). "Courts have held that testimony of one witness which 'bolsters' the credibility of another witness or witnesses even if it does not contain explicit discussion of

---

[1] *See* Mot. in Limine, at 3-4 (Sept. 29, 2020).

credibility, is inappropriate." *Id.* at ¶ 31 (*citing United States v. Sine*, 493 F.3d 1021, 1034-35 (9th Cir. 2007)). Bolstering is especially suspect in a child sex abuse setting. *People v. Finik*, 2017 Guam 21 ¶ 35.

Here, Defendant seeks to exclude "all hearsay testimony from other witnesses regarding the victim's account of the incidents alleged in the indictment and certain related expert opinion testimony" introduced for the purpose of bolstering the victim's credibility. *See* Mot. in Limine (Sept. 29, 2020). As noted above, at the October 23, 2020 Motion hearing, the People indicated that they would not be "eliciting testimony from any witness other than the victim about what happened" and would not "use any officers or witnesses to opine about the victim's credibility." Digital Recording, at 1:58:10 PM-1:59:10 PM (Oct. 23, 2020).

Accordingly, the Court finds that the mere offer of the hearsay testimony at issue during a trial on this matter would tend to prejudice the jury. Therefore, unless a party properly lays the foundation to establish that such testimony is admissible under a hearsay exception or Supreme Court of Guam precedent, the Court will exclude hearsay testimony from witnesses regarding the victim's account of the incidents alleged and expert opinion testimony offered for the purpose of bolstering the witness's credibility.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's Motion in Limine to the extent that unless admissible under a hearsay exception or Supreme Court of Guam precedent, hearsay testimony from witnesses regarding the victim's account of the incidents alleged and expert opinion testimony offered for the purpose of bolstering the witness's credibility shall be excluded at trial. However, this Order shall not preclude either the People or the Defendant from introducing any specific witness and thereafter attempting to lay the

foundation for a hearsay exception. The Court will make a ruling on such witnesses and their accompanying testimony as those issues arise.

      **SO ORDERED** this 10th day of December, 2020.

 

 

                        **HONORABLE DANA A. GUTIERREZ**
                        **Judge, Superior Court of Guam**